ALBANY,
October, 1824.

Jackson
v.
Rathbone.

JACKSON, *ex dem.* EDEN, *against* RATHBONE.

FOR the facts out of which the present question grew, see 2 *Cowen's Rep.* 602, S. C. On referring the costs for taxation, as there mentioned, (*page* 604) Judge *Irving* refused to tax a new record of judgment upon the return of the writ of inquiry, and the services about entering and perfecting a new judgment; but he allowed the appropriate services for continuing down the original record remitted from the Court of Errors, with a history of the proceedings.

*A. Burr*, moved for a re-taxation, on this ground, among others. He said the statute, (1 *R. L.* 144, *s.* 3) speaks of *inquiry, judgment*, and award of execution, for *damages*, with *costs of suit*. If no rule for judgment, and no record, there is no authority to "award execution for the damages and costs of suit."

*C. H. Ruggles*, contra, insisted that there was no need of a new record. It was sufficient to continue the proceedings upon the old one.

*Burr*, said the statute evidently contemplated a new judgment, independent of, and distinct from the first, and, therefore, authorized a new record. This might as well be denied of a *scire facias*, or debt on judgment. The original record, when filed, is beyond the control of the attorney. It can be altered by the Clerk, only, under the direction of the Court. The new judgment should be docketed. There is no authority for this, unless there be a new record signed and filed.

*Curia.* A new record was unnecessary. The proceeding by inquiry might have been continued upon the record remitted from the Court of Errors; and WOODWORTH, J. said this did not mean taking the record from the Clerk, and continuing the history upon that. All that is necessary is,

On executing a writ of inquiry under the statute, (1 R. L. 343, s. 3) judgment being affirmed on error, and the record being remitted, a new judgment record is not necessary; but the proceedings may be continued at the foot of the original roll. How this is to be done. May be on separate paper, and attached to record, as in assigning breaches, *toties quoties*, &c. after judgment bond to perform covenants, or court, on motion, would allow record on file to be continued, &c.

ALBANY,
October, 1824.

to make the proper suggestion, and give a history of the sub-sequent proceedings upon separate paper, and attach this to the original roll, as is done when you assign new breaches, *toties quoties*, on the record of judgment upon a bond for the performance of covenants. And SUTHERLAND, J. said, that if it were otherwise, that would be no argument in favour of a new record; for this Court, on application, would grant leave, of course, to continue the original record in the hands of the Clerk, provided it were necessary.

Motion denied.